## Pauline Witkowsky, Plaintiff in Error, v. Charles E. Affeld et al., Defendants in Error.

### Gen. No. 23,037.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed November 5, 1917.

### Statement of the Case.

Bill by Pauline Witkowsky, complainant, against Charles E. Affeld, Albert Tonk, Charles E. Affeld, Jr., and James Witkowsky, defendants, for an injunction against the wrongful use of insurance records in keeping complainant from obtaining access to such records, and for a receiver.

From a decree dismissing the bill for want of equity, complainant brings error.

OSCAR M. WOLFF, for plaintiff in error.

RICHBERG, ICKES, DAVIES & LORD, for defendants in error; DONALD R. RICHBERG and JOHN S. LORD, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. PARTNERSHIP—*what is duty of surviving partner as to accounting.* A surviving partner is required to make a prompt and complete accounting as to all partnership assets in his possession in the court where the estate of the deceased partner is being administered.

2. PARTNERHIP, § 280*—*what is capacity in which surviving partner holds assets of.* The surviving partner becomes, by the death of the partner, a trustee, in effect, of all the interests of the de-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ceased, at the time of his death, in the partnership assets for the benefit of those entitled to a distributive share of the deceased partner's estate.

3. PARTNERSHIP—*what is right of surviving partner as to deriving personal benefit at expense of representatives of deceased partner.*  A surviving partner sustains a fiduciary relationship towards the representatives of the deceased partner which prohibits him from deriving any personal benefit from a deceased partner's interest in the partnership assets at the expense of such representatives.

4. PARTNERSHIP—*what is effect of contract upon failure of surviving partner to render accounting to beneficiary of deceased partner.*  The fact that a surviving partner has not complied with a fiduciary obligation imposed upon him by the partnership relation to render an accounting to the beneficiary of the deceased partner under the will is immaterial where a contract is entered into defining and fixing all the rights of the parties.

5. PARTNERSHIP—*when fiduciary relation not created between firm organized by widow of deceased partner and one organized by surviving partner.*  Where, after a dispute between the surviving partner and the representatives of the deceased partner respecting the use of insurance records used in the partnership business, a contract was entered into between the firm organized by the surviving partner and a firm organized by the widow of the deceased partner, whereby such records were to be kept by the firm of which the surviving partner was a member and were to be made accessible to the other firm, it was *held* that a fiduciary relation was not created between the surviving partner's firm and the other firm.

6. CONTRACTS, § 187*—*when construed in accordance with interpretation or conduct of parties.*  Where the language used in a contract is ambiguous or its meaning doubtful, the court may have resort to other aids than the language used in the contract to determine its meaning, such as the interpretation placed upon the contract by the parties themselves or by their conduct, but these aids will not be resorted to where the language of the contract is clear and not doubtful.

7. INSURANCE—*records of agency as assets.*  An insurance agency has no good-will and its records are not assets capable of reduction to a money value.

8. INJUNCTION, § 4*—*when mandatory will not be issued.*  On a bill to restrain the firm organized by the surviving partner of an insurance partnership from making a wrongful use of certain insurance records of the former partnership and denying complainant, the widow of the deceased partner, her rights under an express

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

contract regarding the use of such records, *held* that the records were of such doubtful property value that the right to use them under the contract would not be enforced by a mandatory injunction.

9. PARTNERSHIP—*when contract between partnerships for unrestricted access to insurance records of former partnership limited to specified period.* Under a contract between two firms, one of which had as a member the surviving partner of an insurance partnership and the other the widow of the deceased partner, providing that all of the parties should cause to be inserted in the proper place in the records of the former partnership a complete underwriting record of all policies or business renewed by any of the parties during the period from a certain previous date to the making, and that so long as either of the members of the firm organized by the widow continued in business each member was to be given unrestricted access to and use of the underwriting records of the former firm, the right of unrestricted access is limited to such designated period.

10. SPECIFIC PERFORMANCE—*when contract between two partnerships for joint use of records of former partnership will not be specifically enforced.* A contract between two partnerships, requiring a joint use of certain records of another former partnership and performance of certain services by one partnership, will not be enforced by specific performance where it would necessarily require the court to supervise a considerable portion of the business and transactions of one party before it could be determined whether its orders were being complied with.

11. SPECIFIC PERFORMANCE, § 1*—*when contract will not be specifically enforced.* A contract will not be enforced by specific performance where, from its provisions, it may be seen that the court would not be placed in a position where it could effectually enforce its decree with respect thereto.

12. SPECIFIC PERFORMANCE, § 3*—*when of contract properly denied.* Relief by specific performance of a contract may be denied by a court, in its discretion, where the remedies of the parties under the contract are not mutual, or where the granting of such relief will compel the performance of personal services.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.